DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Alan Noll, appeals his conviction in the Lorain County Court of Common Pleas. This Court affirms.
 {¶ 2} While on patrol on May 21, 2004, Officer Dan Fischbach of the Avon Police Department observed Appellant operating a motor vehicle. Although Appellant was not noticeably violating any traffic laws at this time, Officer Fischbach recognized Appellant and remembered that another Avon police officer stopped Appellant for a traffic violation approximately one month earlier at which time he discovered that Appellant's license was suspended due to a twelve point suspension and financial responsibility act ("FRA") suspension. Officer Fischbach also recalled that he had checked Appellant's driving record approximately one week earlier when he observed Appellant operating a motor vehicle. At that time, Officer Fischbach discovered that Appellant's license was suspended, but due to heavy traffic, Fischbach was unable catch up to Appellant's car and thus could not issue a citation.
 {¶ 3} In light of his knowledge that Appellant's license was suspended one week earlier, Officer Fischbach effectuated a traffic stop on May 21, 2004. Fischbach obtained Appellant's driving record prior to exiting his patrol car, which indicated that his license was suspended due to a twelve point suspension and a FRA suspension. Officer Fischbach arrested Appellant for Driving Under Suspension and cited Appellant for Driving Under Suspension and FRA suspension. During the subsequent inventory search, Fischbach discovered small pieces of crack cocaine in Appellant's baseball hat.
 {¶ 4} The Lorain County Grand Jury indicted Appellant on one count of Driving Under Suspension, a violation of R.C.4510.11(A), a misdemeanor of the first degree and one count of Possession of Cocaine, a violation of R.C. 2925.11(A), a felony of the fifth degree. Appellant entered a plea of not guilty. Appellant then filed a Motion to Suppress evidence and statements, specifically the crack cocaine and any evidence or testimony related to the discovery of the cocaine, on the grounds that it was the fruit of an illegal stop. The trial court denied Appellant's Motion. Appellant then withdrew his plea of not guilty and entered a plea of no contest, which the court accepted. The court found Appellant guilty on both charges and sentenced him to a term of thirty days incarceration on the Driving Under Suspension count, which was then suspended and Appellant was placed on probation for eighteen months. Appellant was sentenced to an eighteen month term of community control on the possession of cocaine charge. Appellant's license was suspended for a term of six months. Appellant timely appealed his convictions, raising one assignment of error.
 II. ASSIGNMENT OF ERROR I
"The trial court erred when it denied appellant noll's motion to suppress evidence obtained as the result of an illegal stop, conducted in violation of the U.S. and Ohio Constitutions, as the officer lacked specific and articulable facts to form a reasonable suspicion that appellant was presently violating the law."
 {¶ 5} In his sole assignment of error, Appellant argues that the trial court improperly denied his motion to suppress because Officer Fischbach's prior knowledge of Appellant's license suspension did not provide the necessary facts to create reasonable suspicion that Appellant was violating the law. Appellant contends that the May 21, 2004 traffic stop and consequent arrest were improper and that all the evidence obtained from the search incident to the illegal arrest should be suppressed. This Court disagrees.
 {¶ 6} A trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact to the reviewing court.State v. Long (1998), 127 Ohio App.3d 328, 332. This Court will accept the factual findings of the trial court if they are supported by some competent and credible evidence. State v.Searls (1997), 118 Ohio App.3d 739, 741. In reviewing the question of reasonable suspicion to make a traffic stop, this court must review the trial court's determination de novo. Id.
 {¶ 7} With that guidance, we consider Appellant's contention that the trial court's judgment denying his Motion to Suppress should be reversed.
 {¶ 8} At the suppression hearing, the State called Officer Fischbach as its witness. Officer Fischbach testified that when he observed Appellant's vehicle on May 21, 2004, he immediately recognized it as Appellant's vehicle and identified the driver as Appellant because Appellant and his family had a history of interactions with the City of Avon. Fischbach further testified that he did not observe Appellant violating any traffic laws on May 21, 2004 but that he stopped Appellant because he was aware that approximately a month earlier, an Avon police officer had stopped Appellant and discovered that Appellant's driver's license was suspended due to both twelve point and FRA suspensions. In addition, Fischbach testified that he had also observed Appellant operating a motor vehicle approximately a week prior to the May 21, 2004 stop, at which time he checked Appellant's driving record and discovered that Appellant's license was still suspended. Fischbach was unable to effectuate a traffic stop at this time as a result of heavy traffic. Fischbach testified that he could not recall whether he pulled Appellant's driving record prior to or at the same time as effectuating the May 21, 2004 traffic stop. Nonetheless, Fischbach stated that he definitely checked Appellant's records prior to exiting his patrol car and that Appellant's driving record confirmed that his license remained suspended for a twelve point suspension as well as a FRA suspension.
 {¶ 9} Appellant testified on his own behalf at the suppression hearing. He stated that at the time of the stop, he told Fischbach that he had filed an appeal of his license suspension and that the paperwork reflecting the appeal allowed him to drive. Appellant then admitted that the document lacked a judge's signature affording him the right to drive.
 {¶ 10} The trial court made the following findings of fact: (1) On May 21, 2004, Officer Fischbach observed Appellant operating a motor vehicle and Fischbach personally knew Appellant from a prior traffic stop and suspected that Appellant was operating a vehicle without valid driving privileges; (2) Upon observing Appellant, Fischbach immediately performed a traffic stop and upon stopping Appellant's vehicle, Fischbach checked Appellant's driving record which reflected that his driving privileges were suspended due to a FRA suspension and a twelve point suspension; (3) Fischbach based his stop on the knowledge that Appellant had been cited one month earlier for operating his vehicle without valid driving privileges and his observation of Appellant operating a motor vehicle a week earlier without valid driving privileges; (4) at the time of the May 21, 2004 traffic stop, Appellant told Fischbach that his attorney had filed papers with the court which allowed him to drive and that his attorney told him that he could drive; (5) Fischbach placed Appellant under arrest and during the search incident to the arrest, an officer discovered a piece of crack cocaine in Appellant's clothing resulting in a charge of cocaine possession.
 {¶ 11} Based on those facts, the court made the following conclusions of law: (1) the initial stop was lawful; (2) the arrest was valid; (3) the cocaine obtained from the search was lawfully seized.
 {¶ 12} Appellant has challenged the trial court's conclusions that the officer had reasonable suspicion to effectuate the May 21, 2004 traffic stop. Specifically, Appellant contends that Officer Fischbach relied on stale evidence in forming reasonable suspicion to effectuate the stop. Appellant contends that there was no evidence that Fischbach ran the information on his computer prior to initiating the May 21, 2004 stop because Fischbach testified that he did not specifically remember whether he checked Appellant's driving records at the time of the stop or prior to the stop. Absent evidence that Fischbach checked this information prior to the stop, Appellant contends that Fischbach lacked justification for the stop and that it was therefore unlawful.
1. Initial stop
 {¶ 13} A traffic stop constitutes a seizure under the Fourth Amendment. Whren v. United States (1996), 517 U.S. 806, 809-10. An investigative traffic stop does not violate the Fourth Amendment where an officer has reasonable suspicion that the individual is engaged in criminal activity. Maumee v. Weisner
(1999), 87 Ohio St.3d 295, 299. To justify an investigative stop, an officer must point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio (1968),392 U.S. 1, 21, 20; Maumee, 87 Ohio St.3d at 299. A court must consider the totality of the circumstances in evaluating the facts and inferences supporting the stop. State v. Freeman
(1980), 64 Ohio St.2d 291, paragraph one of the syllabus. "[I]f the specific and articulable facts available to an officer indicate that a driver may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop." State v. Shook (June 15, 1994), 9th Dist. No. 93CA005716, at *5.
 {¶ 14} Appellant relies primarily on State v. Tackett
(1987), 37 Ohio Misc.2d 9, 10 to support his contention that Fischbach lacked the reasonable suspicion necessary to justify the traffic stop because he relied on knowledge that Appellant's license was suspended a week prior to the stop. Tackett is a factually similar case wherein an officer effectuated a traffic stop based on his knowledge that the defendant's license was under suspension one to one and one half months earlier. The court held that an officer's knowledge that the defendant's license was under suspension one to one and one half months prior to the traffic stop constituted stale evidence and did not amount to specific and articulable facts upon which an officer could maintain a reasonable suspicion that the defendant was violating the law. Id.
 {¶ 15} Tackett is an Ashtabula County Court case and as such, has no binding authority on this court. Moreover, as Appellant acknowledges in his brief, this Court has previously held that an officer's knowledge that a driver's license was suspended two weeks or even a month prior to the stop constitutes reasonable suspicion. City of Akron v. Linn (Nov. 26, 1997), 9th Dist. No. 18488; accord State v. Turner (Apr. 1, 1998), 9th Dist. No. 96CA0096 (finding that officer had reasonable suspicion to make investigatory stop where officer had history of interactions with defendant and knowledge that defendant's license was suspended two weeks prior to the stop).
 {¶ 16} The trial court had competent, credible evidence before it that, a week prior to the May 21, 2004 stop and prior to or at the time of Appellant's stop and arrest, Fischbach had knowledge that Appellant's license was under two specific types of suspension. Under the totality of the circumstances presented, Officer Fischbach had a reasonable suspicion, supported by specific, articulable facts, to justify a stop of Appellant's vehicle. Therefore, the trial court did not err by concluding that the initial stop and subsequent arrest of Appellant for driving with a suspended license was valid.
2. Search of Appellant's Person
 {¶ 17} Appellant has challenged the officers' search of Appellant's person as unreasonable and invalid because he contends that the officer did not have a valid basis to stop him on May 21, 2004. Once a person is under arrest, "[o]fficers may perform a full search of an arrestee's person regardless of the offense prompting the arrest." State v. Jones (2000),88 Ohio St.3d 430, 439 (overruled on other grounds by State v. Brown,99 Ohio St.3d 323, 2003-Ohio-3931), citing United States v.Robinson (1973), 414 U.S. 218. The trial court had competent, credible evidence before it that the search of Appellant's person was conducted incident to his arrest for driving with a suspended license. Therefore, it did not err by concluding that this search was valid.
 {¶ 18} Because the initial stop was lawful, any argument that the evidence seized from Appellant's person following the arrest was tainted as "fruit of the poisonous tree" is without merit. The trial court's determination that the stop was lawful reflects its conclusion that the officers' statement of the stop was credible and the record before us provides no reason to disturb that decision.
 III. {¶ 19} Appellant's sole assignment of error is overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Carr, J. concur.