OPINION
{¶ 1} Defendant-appellant Edwin M. Beleford ("Beleford") brings this appeal from the judgment of the Court of Common Pleas of Seneca County.
 {¶ 2} On September 22, 2005, Officer Shilo Frankart ("Frankart") was riding in a police car with Officer Gabe Wedge ("Wedge"), who was being trained by Frankart. Frankart observed Beleford driving a vehicle. Frankart believed Beleford did not have a valid driver's license because within the prior week Frankart had checked Beleford's status and learned that Beleford did not have a valid driver's license. Additionally, Frankart had checked Beleford's status in June and August of 2005, and Beleford did not have a valid driver's license on either of those occasions. Frankart informed Wedge that he believed Beleford did not have a valid license and Wedge initiated a traffic stop as Frankart radioed dispatch for a review of the Belford's driving status. After being stopped, Beleford exited his vehicle, told Wedge "I know I don't have a driver's license," and handed a bag containing crack cocaine to Wedge. Wedge then arrested Beleford.
 {¶ 3} On December 8, 2005, the Seneca County Grand Jury indicted Beleford on one count of possession of crack cocaine. Beleford entered a not *Page 3 
guilty plea. On April 3, 2006, Beleford filed a motion to suppress. A hearing was held on the motion on April 20, 2006. The trial court overruled the motion on that same day. On May 1, 2006, Beleford changed his plea to one of no contest and the trial court found him guilty. Beleford was sentenced on August 15, 2006, to a mandatory prison term of one year, and granted credit for 210 days served. Belford appeals from these judgments and raises the following assignments of error.
 The trial court erred as a matter of law by denying [Beleford's] motion to suppress on the grounds that there was no evidence in the record that the Officer initiating the traffic stop had an articulable suspicion an offense was taking place.
 [Beleford] contends that he was prejudiced by the trial court's failure to substantially comply with the mandates of [R.C. 2929.19(B)(3)] as they apply to sentencing.
 {¶ 4} Beleford claims in his first assignment of error that the trial court erred by overruling his motion to suppress. The basis for this claim is that the officer who initiated the stop did not testify. Appellate review of a trial court's ruling granting a motion to suppress involves mixed questions of law and fact. State v. Long (1998),127 Ohio App.3d 238, 713 N.E.2d 1. "[A] reviewing court must defer to the trial court's findings of fact if competent, credible evidence exists to support the trial court's findings." State v. Hapney, 4th
Dist. Nos. 01CA30, 01CA31, 2002-Ohio-3250, at ¶ 38. "The reviewing court then must *Page 4 
independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case." Id.
 {¶ 5} Here, the State presented the testimony of Frankart. Frankart testified that he knew Beleford and was aware that one week prior to the stop, Beleford did not have a valid drivers license. At the time of the stop, Frankart was training Wedge and observed Beleford driving a vehicle. Frankart then testified that he told Wedge that Beleford was driving without a valid license. Based on that conversation and upon being instructed by Frankart to do so, Wedge initiated the traffic stop. At the same time, the officers radioed dispatch to check his driving status. Since Wedge initiated the stop based upon the information that Frankart told him and the information was fairly recent, there is competent evidence to support the trial court's finding. "When an officer is able to point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant an intrusion into a protected area, a law enforcement officer may make a brief, investigatory stop of a suspect." State v. Owens (1991),75 Ohio App.3d 523, 525, 599 N.E.2d 859. Wedge had specific, articulable facts based upon the information given to him by Frankart, which Frankart learned from an investigation a week earlier. Information concerning an ongoing suspension that is no more than a week old is not stale and provides a reasonable articulable suspicion for the stop. State v.Noll, 9th Dist. *Page 5 
No. 05CA008659, 2005-Ohio-4087, ¶ 15 (finding information of suspended license learned a week prior was sufficient basis for stop) and City ofDayton v. Blackburn, (June 8, 1989), Montgomery App. No. 11162, unreported (holding that knowledge of suspended license two to three weeks prior was sufficient basis for stop). Thus, the stop of the vehicle was based upon a reasonable suspicion and the trial court did not err in denying the motion to suppress. The first assignment of error is overruled.
 {¶ 6} Next Beleford claims that the trial court did not substantially comply with the sentencing statutes. Specifically, Beleford argues that the trial court failed to personally address Beleford concerning post-release control. Beleford cites State v. Harris,160 Ohio App.3d 851, 2005-Ohio-2503, 828 N.E.2d 1086, for the proposition that the trial court must insure that the defendant understands post-release control. This is not the holding of Harris. Instead, the holding inHarris cited the Ohio Supreme Court in State v. Jordan,104 Ohio St.3d 31, 2004-Ohio-6085, 817 N.E.2d 864, and emphasized that the trial court must notify the defendant of post-release control at the sentencing hearing. Harris, at ¶ 12-14. This court did not require the trial court to insure that the defendant understood post-release control.
 {¶ 7} Here, the record reveals the following dialogue.
 The Court: Well, I can't — Oh, there's the indictment. This is F-3, there's a mandatory fine of 5,000, but I'm gonna waive that *Page 6 based upon your representation plus the driver's license suspension of seven months, and court costs. And, post release control is optional for up to three years?
 Mr. Davey: Uh, actually I better check on that, Your Honor.
 The Court: Okay. Or, is that mandatory? I think it's optional. That's what Ilene's notes indicate.
 Mr. Davey: I think it is optional for three years.
 The Court: Optional for up to three years as well as the consequences for violation of post release control imposed by the parole board.
 The defendant is, therefore, ordered to serve as part of his sentence any term of post release control imposed by the parole board and any prison term for violation of that post release control.
Sentencing Tr., 9-10. The trial court notified Beleford that he was subject to optional post-release control. Therefore, the trial court complied with R.C. 2929.19(B)(3).
 {¶ 8} Additionally, this court notes that this issue may be moot. On August 15, 2006, Beleford was sentenced to 365 days in prison with a credit of 210 days. This left a total of 155 days to be served. The record contains no indication that this sentence was stayed. Thus, the sentence would have been completed on January 17, 2007, which is prior to the date this appeal was heard. There is no indication in the record that post-release control was imposed. Based upon the record before this court, the sentence most likely has been completed *Page 7 
and no longer is subject to appellate review. For these reasons, the second assignment of error is overruled.
 {¶ 9} The judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment Affirmed.
 SHAW and PRESTON, JJ., concur. *Page 1