The STATE of Ohio, Appellee,

v.

CAMPBELL, Appellant.

[Cite as *State v. Campbell*, 162 Ohio App.3d 413, 2005-Ohio-3980.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 2005–CA–00021.

Decided Aug. 4, 2005.

David Mallett, Licking County Assistant Prosecuting Attorney, for appellee.
Andrew T. Sanderson, for appellant.

Gwin, Presiding Judge.

{¶ 1} Defendant, Claude B. Campbell III, appeals the judgment of the Court of Common Pleas of Licking County, Ohio, which found that appellant had violated the conditions of his community control, revoked the community control, and sentenced him to 11 months of imprisonment to be served consecutively to an unrelated sentence imposed by the Fairfield County Common Pleas Court. Appellant assigns two errors to the trial court:

{¶ 2} "I. The trial court committed harmful error in sentencing the defendant-appellant to a prison sentence to run consecutive to the sentence imposed in an unrelated case from Fairfield County, Ohio when the trial court did not order that the sentences be served consecutively at the time of the original sentencing hearing."

{¶ 3} "II. The trial court committed harmful error in sentencing the defendant-appellant to consecutive sentences herein when the record fails to demonstrate the necessary factual findings to support the legal conclusions of the trial court that consecutive sentences were appropriate." ·

I

{¶ 4} In his first assignment of error, appellant argues that the trial court erred in ordering that his prison sentence run consecutively to his sentence in an unrelated case decided in Fairfield County Common Pleas Court. Appellant urges that the trial court did not order that the sentences be served consecutively at the time of the original sentencing hearing.

{¶ 5} In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, the Ohio Supreme Court held that pursuant to R.C. 2929.19(B) and 2929.15(B), a trial court sentencing an offender to community-control sanctions must, at the time of the sentencing, notify the offender of the specific prison term it may impose for violations of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation of the conditions.

{¶ 6} In *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, the Supreme Court held that the notification requirement in R.C. 2929.19(B) is intended to put the offender on notice of the specific prison term the offender faces if he or she violates the conditions of community control. The trial court must conduct a second sentencing hearing following the community-control violation and at that time must comply with all relevant sentencing statutes. Id.

{¶ 7} On February 28, 2002, the trial court conducted the original sentencing hearing. The trial court described the various sentencing options and

told appellant "If you are sentenced to community control conditions and you violate any of those conditions, you could receive a longer period of court control, receive greater restrictions, or receive a prison term of twelve months * * *."

{¶ 8} After taking statements from appellant and defense counsel and reviewing the presentence investigation, the trial judge informed appellant that he had one of the worst records the judge had seen in a while. The court stated, "It would be very easy for me to find that the presumption of community control is overcome and just send you to prison. However, I guess I agree with Judge Clark [Fairfield County], we'll give you the opportunity, but if you screw up, you know what that means?" Appellant replied that he did.

{¶ 9} The court placed appellant under the supervision of Adult Court Services for five years and ordered him to make restitution. The court then stated, "As I indicated, Mr. Campbell, a violation of the terms and conditions would cause you to be sentenced to twelve months, and I am certain that that would be consecutive with Fairfield County, so keep that in mind."

{¶ 10} In *State v. Thompson*, Fairfield App. No. 01CA62, 2002-Ohio-4717, 2002 WL 31013641, this court held that the sentencing statutes require the court to inform the defendant at the original sentencing hearing that his sentences may be consecutive. Here, the trial court informed appellant that it was "certain" his sentence would run consecutively to his sentence from a Fairfield County court. This language is not conditional, as appellant asserts, and was sufficient to inform appellant of the consequences of violating the terms and conditions of his community control.

{¶ 11} The first assignment of error is overruled.

II

{¶ 12} In his second assignment of error, appellant argues that the trial court did not make sufficient findings on the record to support the legal conclusion that consecutive sentences were appropriate.

{¶ 13} We have reviewed the transcript of proceedings of February 11, 2005, the second stage of the hearing on the motion to revoke community control. R.C. 2929.19(B)(2)(c) requires the court to state its reasons for imposing consecutive sentences. Our review of the record leads us to conclude that the trial court stated no factual reasons on the record upon which it based its statutory findings in support of the consecutive sentence.

{¶ 14} The second assignment of error is sustained.

{¶ 15} For the foregoing reasons, the judgment of the court of common pleas is vacated, and the cause is remanded to the court to conduct a new sentencing hearing.

Judgment vacated
and cause remanded.

HOFFMAN and EDWARD, JJ., concur.