The STATE of Ohio, Appellee,

v.

CAMPBELL, Appellant.

[Cite as *State v. Campbell,* 166 Ohio App.3d 363, 2006-Ohio-2294.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 2005CA00091.

Decided May 8, 2006.

David Mallett, for appellee.

Andrew T. Sanderson, for appellant.

———————

GWIN, Presiding Judge.

{¶ 1} Appellant, Claude B. Campbell III, appeals the judgment of the Court of Common Pleas of Licking County, Ohio, which found that he had violated the conditions of his community control, revoked the community control, and sentenced him to 11 months of imprisonment to be served consecutively to an unrelated sentence imposed by the Fairfield County Common Pleas Court.

{¶ 2} In *State v. Campbell*, 162 Ohio App.3d 413, 2005-Ohio-3980, 833 N.E.2d 802, ¶ 13, we held that "[o]ur review of the record leads us to conclude that the trial court stated no factual reasons on the record upon which it based its statutory findings in support of the consecutive sentence." We therefore vacated appellant's sentence and remanded the case for a new sentencing hearing. Id. at ¶ 15.

{¶ 3} On August 30, 2005, a new sentencing hearing was conducted. The trial court sentenced appellant to the same sentence of 11 months of imprisonment to be served consecutively to an unrelated sentence imposed by the Fairfield County Common Pleas Court, as the court had previously ordered.

{¶ 4} Appellant timely appealed and has raised as his sole assignment of error:

{¶ 5} "I. The trial court committed harmful error in sentencing the defendant-appellant to consecutive sentences herein when the record fails to demonstrate the necessary factual findings to support the legal conclusions of the trial court that consecutive sentences were appropriate."

## I.

{¶ 6} In his sole assignment of error, appellant argues that the trial court did not make sufficient findings on the record to support the legal conclusion that consecutive sentences were appropriate.

{¶ 7} At the oral argument in this matter, appellant's counsel informed this court that appellant has completed his 11–month sentence. The record further demonstrates that appellant completed the sentence imposed by the Fairfield County Common Pleas Court. Appellant was not placed under postrelease control by the parole board. Thus, the issue for determination is whether appellant's appeal in this matter is moot.

{¶ 8} An appeal challenging a conviction is not moot even if the entire sentence has been served before the appeal is heard, because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." *State v.*

*Golston,* 71 Ohio St.3d 224, 643 N.E.2d 109, paragraph one of the syllabus. "However, this logic does not apply if appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction. If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction." *State v. Beamon* (Dec. 14, 2001), Lake App. No. 2000–L–160, 2001 WL 1602656.

{¶ 9} In the case at bar, appellant is not challenging the felony conviction itself. Rather, he asserts only that the trial court abused its discretion by handing down consecutive sentences. Appellant asks this court to reverse the sentence imposed by the trial court and remand the matter for resentencing. Given that appellant has already served the 11–month term in prison, the relief being sought can no longer be granted.

{¶ 10} In light of the foregoing, the question presented in the assignment of error is moot.

{¶ 11} The appeal from the judgment of the Licking County Court of Common Pleas is dismissed. See, e.g., *State v. Hill,* 11th Dist. No. 2005–A–0010, 2006-Ohio-1166, 2006 WL 621693, at ¶ 38; *State v. Howell,* 5th Dist. No. 2001CA00346, 2002-Ohio-3947, 2002 WL 1773243, at ¶ 19; *State v. Yopp,* Ashtabula App. No. 2001–A–0039, 2002-Ohio-2073, 2002 WL 737068.

Appeal dismissed.

HOFFMAN and EDWARDS, JJ., concur.