OPINION
{¶ 1} Defendant-Appellant, Kelly Kincer, appeals the sentence imposed in the Clermont County Court of Common Pleas following a community control violation and the denial of a motion to recover transcript fees. We affirm the decision of the trial court.
 {¶ 2} In 2002, appellant was convicted of interference with custody in violation of R.C. 2919.23(A)(1) after a jury trial. In State v.Kincer, Clermont App. No. CA2002-11-095, 2003-Ohio-4459 ("KincerI"), this court reversed appellant's conviction and remanded the *Page 2 
matter for a new trial. Upon a second jury trial, appellant was again convicted for the same offense and sentenced to 30 days in the Clermont County Jail and five years of community control. This court then affirmed appellant's conviction in State v. Kincer, Clermont App. No. CA2004-06-048, 2005-Ohio-5626 ("Kincer II").
 {¶ 3} While Kincer II was pending and while on community control, appellant was found to have violated the terms of his community control sanction, and the trial court sentenced him to a 12-month term of imprisonment. Appellant appealed his sentence and the trial court's finding of a community control violation in State v. Kincer, Clermont App. No. CA2005-07-059, 2006-Ohio-2249 ("Kincer III"). In KincerIII, this court affirmed the violation finding, but vacated appellant's sentence and remanded the case for resentencing in accordance withState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 4} On remand, appellant was resentenced to the same 12-month term of incarceration. However, by the time of the resentencing, appellant already served the 12-month term and had been released. Additionally, at the hearing, appellant inquired of the sentencing court about the court costs that he was assessed and the transcript fees that he had paid in his first appeal, Kincer I. Appellant sought to be reimbursed for the costs of the first appeal because his conviction was reversed. The trial court considered the matter and subsequently, via entry, denied appellant's motion to recover the fees. Appellant timely appeals, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED WHEN IT DENIED KINCER'S MOTION TO RECOVER TRANSCRIPT FEES."
 {¶ 7} In the instant matter, the trial court denied appellant's motion to recover transcript fees from Kincer I on the basis of State v.Hooper (1971), 25 Ohio St.2d 59. The trial court held that Kincer I was not a "final judgment for the purposes of R.C. 2953.07" *Page 3 
because he was not "discharged" by the appeal. The trial court stated that since the case was only remanded for retrial, appellant was not entitled to the appellate costs.
 {¶ 8} Appellant argues in his first assignment of error that the trial court lacked jurisdiction to rule upon the motion for transcript fees from the first appeal. Appellant contends that Hooper has, "in effect, been rendered moot by the enactment of App.R. 24, which went into effect on July 1, 1992." Further, appellant requests that this court order the clerk of courts to reimburse him for all costs of his first appeal, including transcript fees, in accordance with App.R. 24 because the conviction was reversed and the case was remanded for a new trial.
 {¶ 9} App.R. 24 controls the assessment of costs on appeal. App.R. 24 provides:
 {¶ 10} "(A) Except as otherwise provided by law or as the court may order, the party liable for costs is as follows:
 {¶ 11} "(1) If an appeal is dismissed, the appellant or as agreed by the parties.
 {¶ 12} "(2) If the judgment appealed is affirmed, the appellant.
 {¶ 13} "(3) If the judgment appealed is reversed, the appellee.
 {¶ 14} "(4) If the judgment appealed is affirmed or reversed in part or is vacated, as ordered by the court.
 {¶ 15} "(B) As used in this rule, `costs' means an expense incurred in preparation of the record including the transcript of proceedings, fees allowed by law, and the fee for filing the appeal. It does not mean the expense of printing or copying a brief or an appendix."
 {¶ 16} We first note that cost determinations under App.R. 24 are solely within the discretion of the appellate court. Munroe v.Munroe (1997), 119 Ohio App.3d 530, 545. Further, reimbursement for costs must be filed in the case in which the costs are assessed. App.R. 24; Klein v. Moutz, Summit App. No. 23473, 2007-Ohio-3242, ¶ 7.
 {¶ 17} In this appeal, appellant requests that this court order the clerk to reimburse the *Page 4 
costs of his previous appeal, Kincer I. However, those costs were assessed in this court's judgment in Kincer I, and not the instant appeal. Appellant did not file for reimbursement in the original appellate case in which the costs were assessed. Accordingly, we cannot order reimbursement in this appeal.
 {¶ 18} Appellant's first assignment of error is overruled.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "APPELLANT WAS IMPROPERLY SENTENCED TO MORE THAN THE MINIMUM TERM OF IMPRISONMENT FOR A FELONY OF THE FIFTH DEGREE."
 {¶ 21} In his second assignment of error, appellant challenges the 12-month prison term that he received upon resentencing. Appellant argues the imposition of more than the minimum sentence in this case is a violation of ex post facto and the due process clauses of the United States and Ohio constitutions because appellant "lost the presumption of a minimum sentence." Further, appellant argues that his resentencing violates the rule of lenity and equal protection.
 {¶ 22} Appellant acknowledges in his brief that this court has previously rejected these arguments; most notably in State v.Sheets, Clermont App. No. CA2006-04-032 and State v. Doyle, Brown App. No. CA2005-11-020, 2006-Ohio-5373. However, appellant urges us to revisit and overturn those decisions.
 {¶ 23} In Doyle, this court held that the Ohio Supreme Court's decision in Foster and the imposition of nonminimum sentences followingFoster do not violate ex post facto or due process requirements.Doyle at ¶ 50. This court reasoned that, "[a]ppellant essentially seeks the benefit of a state of law that never existed; * * * appellant was never guaranteed that he would receive the minimum prison term."State v. Andrews, Butler App. No. CA2006-06-142, 2007-Ohio-233, ¶ 33. The statutory range of punishment appellant faced prior to Fosterwas the same as the statutory range of punishment appellant faced following Foster. State v. *Page 5 Cockrell, Fayette App. No. CA2006-05-020, 2007-Ohio-1372, ¶ 44.
 {¶ 24} In addition, this court has held that the rule of lenity is inapplicable to the imposition of post-Foster nonminimum sentences.Sheets at ¶ 31. In Sheets, this court stated, "Post-Foster, there is no ambiguity in the statutes under which appellant was sentenced. Appellant asserts that there is an ambiguity in the sentencing statutes because they have been severed, i.e., appellant argues that because theFoster Court altered the statutes they have somehow become ambiguous. However, nothing in the current language in R.C. 2929.14 is ambiguous. As the Foster Court noted: `trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' While appellant may disagree with the Foster Court's choice of remedy, that remedy has not created an ambiguity in the sentencing statutes. Accordingly, the rule of lenity does not apply." Id. at ¶ 30.
 {¶ 25} Finally, appellant claims that the application ofFoster denies him equal protection of the laws. Appellant's argument essentially raises the same issues asserted under his due process and ex post facto arguments. Appellant claims that he would be deprived, at resentencing, of the opportunity to take advantage of the presumptive minimum sentence that was available at his original sentencing hearing and which has since been severed from the Revised Code. However, as we stated above, appellant was never guaranteed a presumptive minimum sentence. State v. Pesta, Clinton App. No. CA2006-02-004,2007-Ohio-2295, ¶ 46. After a review of appellant's arguments, we decline to reconsider our prior decisions and we continue to adhere to our holding in Sheets and Doyle.
 {¶ 26} Further, at the time of the resentencing hearing, appellant had already served the 12-month term and had been released from prison. The record further demonstrates that appellant was not placed under post-release control by the parole board. Thus, the *Page 6 
controlling issue is whether appellant's second assignment of error is moot.
 {¶ 27} In State v. Golston, 71 Ohio St.3d 224, 1994-Ohio-109, the Ohio Supreme Court held that "an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." Id. at 227. This is due to the court's finding that, "a person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her" because "[t]he collateral legal consequences associated with a felony conviction are severe and obvious." Id.
 {¶ 28} "However, [Golston] does not apply if appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction. If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction." State v. Campbell,166 Ohio App.3d 363, 2006-Ohio-2294, ¶ 8, citing State v. Beamon (Dec. 14, 2001), Lake App. No. 2000-L-160. See, also, State v. Ambriez, Lucas App. No. L-04-1382, 2005-Ohio-5877.
 {¶ 29} In the instant appeal, appellant is not challenging his conviction or community control violation. Appellant appealed his conviction and community control violation in Kincer II and KincerIII, respectively. Rather, in this appeal, appellant only challenges his sentence. Given that appellant has already served the 12-month term, the relief being sought can no longer be granted.
 {¶ 30} In light of the foregoing, appellant's second assignment of error is overruled as moot.
 {¶ 31} Judgment affirmed.
 YOUNG, P.J., and BRESSLER, J., concur. *Page 1