OPINION
{¶ 1} In 2005, a jury convicted defendant-appellant, Brian Heffernan, on one count each of purposeful murder and felony murder, and two counts of tampering with evidence. The two murder convictions were merged for sentencing and appellant received a sentence of 15 years to life, with an additional four years on each of the two tampering with evidence counts, all to be served consecutively for an aggregate term of 23 years to life in prison.
 {¶ 2} On direct appeal, this court affirmed appellant's convictions but reversed the *Page 2 
tampering with evidence sentences because the court relied on sentencing statutes found unconstitutional by the Ohio Supreme Court. We remanded the matter for resentencing under State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. See State v. Heffernan, Clermont App. No. CA2005-11-104,2006-Ohio-5659. On remand, appellant received the same sentence, which he now appeals, presenting the following sole assignment of error:
 {¶ 3} "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY IMPOSING MORE THAN MINIMUM AND CONSECUTIVE SENTENCES FOR TWO COUNTS OF TAMPERING WITH EVIDENCE."
 {¶ 4} Appellant submits that the trial court erred by sentencing him to nonminimum and consecutive prison terms. In support thereof, appellant argues that the trial court's sentence is contrary to the constitutional prohibition against ex post facto laws and a violation of the constitutional protections of due process of law and the rule of lenity.
 {¶ 5} This court has previously considered each of these arguments and found them to be without merit. See State v. Kincer, Clermont App. No. CA2006-08-055, 2007-Ohio-3352; State v. Pesta, Clinton App. No. CA2006-02-004, 2007-Ohio-2295; and State v. Sheets, Clermont App. No. CA2006-04-032, 2007-Ohio-1799.
 {¶ 6} For the same reasons set forth in our previous opinions, we find no violation of appellant's constitutional rights resulting from the imposition of nonminimum and consecutive sentences for the two counts of tampering with evidence.
 {¶ 7} Appellant's sole assignment of error is overruled.
 {¶ 8} Judgment affirmed.
 BRESSLER and WALSH, JJ., concur. *Page 1