[Cite as *State v. Draper*, 2011-Ohio-773.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,                                    CASE NO. 12-10-07

    PLAINTIFF-APPELLEE,

    v.

BARTLEY DRAPER,                                   O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Putnam County Common Pleas Court**
**Trial Court No. 06 CR 73**

**Judgment Affirmed**

**Date of Decision:  February 22, 2011**

APPEARANCES:

    *Kelly J. Rauch* **for Appellant**

    *Todd C. Schroder* **for Appellee**

**WILLAMOWSKI, J.,**

{¶1} Defendant-appellant Bartley Draper ("Draper") appeals the Putnam County Court of Common Pleas' decisions overruling his "Motion for 'Sentencing'" and "Motion for Vacation of Void Sentence and 'Sentencing.'" For the reasons set forth below, the judgments are affirmed.

{¶2} Ted Diller ("Diller") operated a classic vehicle restoration business out of Pandora, Ohio. Diller hired Draper to paint a vehicle. At auction, the vehicle sold for $500,000. Draper, seeing the high sales price, wanted more money than was offered to him as a bonus and became angry when he was only offered a $2,000.00 bonus.

{¶3} On August 15, 2006, Draper broke into Diller's garage used by the business. Draper proceeded to inflict damage on windows, doors, eleven vehicles being restored, trucks, wreckers, and two Harley Davidson motorcycles. Draper also ransacked the office space within the garage. As he left, Draper put a note in Diller's mailbox stating, "I will get you." That same night, Draper was stopped by law enforcement and cited for speeding, lanes of travel, and operating a vehicle while under the influence (O.V.I.). Law enforcement discovered Diller's mail, a crowbar, and a mallet hammer in the vehicle.

{¶4} On October 13, 2006, the Putnam County Grand Jury indicted Draper on count one of breaking and entering in violation of R.C. 2911.13(A), a felony of

the fifth degree, and count two of vandalism in violation of R.C. 2909.05(B)(1)(a), a felony of the third degree. The indictment specified in Count II that the amount of damage was more than $100,000. (Doc. No. 1). Draper entered pleas of not guilty to both counts on October 20, 2006. (Oct. 20, 2006 Tr. at 2). On January 29, 2007, a change of plea hearing was held. (Doc. No. 17). Pursuant to a plea agreement, Draper entered a plea of guilty to Count II, vandalism, and Count I, breaking and entering, was dismissed. (Doc. No. 19). A sentencing hearing was held on March 13, 2007. The trial court sentenced Draper to three years in prison and journalized its judgment on March 16, 2007. (Doc. No. 24). No appeal was taken from this judgment.

{¶5} On September 20, 2007, Draper filed a motion for judicial release. (Doc. No. 29). A hearing was held on the motion on October 10, 2007. (Doc. No. 30). On October 22, 2007, the motion was granted and Draper was placed on supervision. (Doc. No. 35). On June 4, 2009, the State filed a motion to revoke supervision alleging that Draper violated the terms of his release by consuming alcohol. (Doc. No. 40). A hearing was held on this motion on August 3, 2009. (Doc. No. 46). Draper admitted to the violation, his supervision was revoked on August 4, 2009, and Draper was returned to prison to complete his sentence. (Doc. No. 49). No appeal was taken from this judgment.

{¶6} On November 17, 2009, Draper filed a "Motion For 'Sentencing'" alleging that his sentence was void under *State v. Bezak*, *State v. Jordan*, and *State v. Simpkins*, because the trial court failed to properly notify him of post-release control at the August 3, 2009 sentencing hearing. 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961; 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 868; (Doc. No. 57). Draper filed a "Supplemental Motion For Vacation Of Void Sentence and 'Sentencing'" on April 27, 2010, alleging that the trial court also erred in ordering the amount of restitution without considering the actual economic loss suffered by the victim. (Doc. No. 58). The trial court overruled these motions on May 3, 2010. (Doc. Nos. 59-60).

{¶7} On May 18, 2010, Draper filed a notice of appeal. (Doc. No. 61). Draper now appeals from these judgments raising seven assignments of error. We will address Draper's assignments of error out of the order they appear in his brief, combining assignments of error where beneficial for discussion.

### Fourth Assignment of Error

**The trial court erred in denying [Draper's] motion to vacate his sentence on the grounds that his sentence is void as a result of the court's failure to notify him of post-release control.**

### Seventh Assignment of Error

**The trial court erred when it imposed more than the minimum sentence.**

**{¶8}** Draper argues in his fourth assignment of error that his sentence is void because the trial court failed to notify him of whether post-release control was discretionary or mandatory. Additionally, Draper argues that his guilty plea is void by virtue of his void sentence. Finally, Draper argues that the trial court failed to properly notify him of his post-release control at the August 3, 2009 sentencing hearing after his violation of supervision. In his seventh assignment of error, Draper argues that the trial court erred by imposing more than the minimum sentence.

**{¶9}** As an initial matter, Draper has never filed a motion to withdraw his guilty plea in the trial court, and therefore, we need not consider his argument for vacation of his guilty plea. Additionally, Draper's argument relating to the trial court's failure to properly advise him of his post-release control is moot, because Draper has already been released from prison and was not placed upon post-release control by the Adult Parole Authority.[1] *State v. Beleford*, 3d Dist. No. 13-06-32, 2007-Ohio-1912, ¶8; *State v. Bostic*, 8th Dist. No. 84842, 2005-Ohio-2184, ¶¶24-34; *State v. Stewart*, 8th Dist. No. 86411, 2006-Ohio-813, ¶50. Aside from that, Draper has suffered no prejudice by the trial court's failure to properly

---

[1] The Ohio Department of Rehabilitation and Corrections website, of which we take judicial notice, does not list Draper as an inmate or indicate that Draper is on post-release control. See, e.g., *State v. Money*, 2nd Dist. No. 2009 CA 119, 2010-Ohio-6225, ¶25. The State has also indicated in its brief that Draper was released from prison on July 25, 2010 without being subject to post-release control. (State's Brief at 8).

impose post-release control. Draper should have actually been sentenced to three years of *mandatory* post-release control pursuant to R.C. 2967.28(B)(3), instead of discretionary post-release control, because he was convicted of a third degree felony during the commission of which he threatened physical harm against a person. (See Aug. 13, 2007 Tr. at 8, 13). Draper's proposed remedy of resentencing, which he sought in the trial court, would be inappropriate at this juncture since he has already served his term of imprisonment. *State v. Bezak*, 114 Ohio App.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶18; *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301; *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶35, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶6. Finally, Draper's argument concerning the trial court's imposition of sentence is also moot in light of the fact that he is no longer incarcerated. See, e.g., *State v. Campbell*, 166 Ohio App.3d 363, 2006-Ohio-2294, 850 N.E.2d 799.

{¶10} Draper's fourth and seventh assignments of error are, therefore, overruled.

**First Assignment of Error**

**The trial court committed error in denying [Draper's] motion to vacate his sentence as being void on the grounds that [Draper's] guilty plea was not freely voluntarily and knowingly made.**

**Second Assignment of Error**

**The trial court erred in denying [Draper's] motion to vacate his sentence as being void on the grounds that [Draper's] sentence is contrary to law.**

**Third Assignment of Error**

**The trial court erred in denying [Draper's] motion to vacate his sentence on the grounds that his conviction is void due to a defective indictment.**

**Fifth Assignment of Error**

**The trial court erred in denying [Draper's] motion to vacate his sentence on the grounds that his sentence is void as a result of the courts improper imposition of restitution.**

**Sixth Assignment of Error**

**The trial court erred in denying [Draper's] motion to vacate his sentence on the ground that he was denied the right to effective assistance of counsel.**

{¶11} In his first and second assignments of error, Draper argues that his sentence should be vacated as void, because his plea was not freely, voluntarily, and knowingly made when the State failed to amend the indictment as promised during the plea negotiations. In his third assignment of error, Draper argues that his sentence should be vacated as void because his conviction rests upon a defective indictment. In his fifth assignment of error, Draper argues that his sentence is void because the trial court failed to properly impose restitution. In his

sixth assignment of error, Draper argues that his sentence should be vacated due to ineffective assistance of trial counsel.

{¶12} As a procedural matter, we must first observe that Draper's motion in the trial court was filed after the time for a direct appeal had passed, although none was taken, and his arguments seek vacation of his sentence on the basis that his constitutional rights have been violated. Thus, these arguments should have been raised in a petition for post-conviction relief. *State v. Reynolds* (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus. R.C. 2953.21(A)(2) requires, in pertinent part, that a post-conviction petition be filed within one hundred eighty (180) days after the expiration of the time for filing a direct appeal. Additionally, "R.C. 2953.23(A) divests a court of jurisdiction to hear an appeal after the expiration of the one-hundred eighty day period set by R.C. 2953.21(A)(2) unless an exception under R.C. 2953.23(A)(1) or (2) is met." *State v. King*, 3d Dist. No. 2-07-24, 2007-Ohio-6233, ¶17.

{¶13} Draper's sentence was journalized on March 16, 2007; and thus, Draper had until April 15, 2007, to file his notice of appeal. (Doc. No. 24); App.R. 4. Since Draper did not file a direct appeal, the time for the petition for post-conviction relief to be filed began running on April 16, 2007, and expired on October 12, 2007. See R.C. 2953.21. The first petition was not filed until November 17, 2009, more than two years after the deadline. Thus, Draper's

petition could only be considered if it met one of the two exceptions in R.C. 2953.23(A), neither of which applies in this case. As such, this Court is without jurisdiction to consider these post-conviction arguments. See *King*, 2007-Ohio-6233, at ¶17, citing R.C. 2953.23(A). *Even if* this Court had jurisdiction to consider these post-conviction arguments, Draper's arguments would be barred by res judicata. *State v. Schwieterman*, 3d Dist. No. 10-09-12, 2010-Ohio-102, ¶23.

{¶14} Draper's first, second, third, fifth, and sixth assignments of error are, therefore, overruled.

{¶15} Having found no error prejudicial to Draper, the judgment of the Court of Common Pleas of Putnam County is affirmed.

*Judgment Affirmed*

**PRESTON, J., concurs.**

**ROGERS, P.J., concurs in Judgment Only.**

**/jnc**