[Cite as *State v. Bogan*, 2013-Ohio-1920.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-34 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-166 |
| v. | : | |
| | : | |
| JOSHUA C. BOGAN | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 10th day of May, 2013.

. . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. #0069198, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

MARK M. FEINSTEIN, Atty. Reg. #0065183, Feinstein Legal Services Co., L.P.A., 214 Scioto Street, Urbana, Ohio 43078
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}     Joshua Bogan pleaded guilty to fifth-degree-felony breaking and entering and was sentenced to 3 years of community control. A condition of community control required Bogan to successfully complete the residential treatment program at West Central Community Correctional Facility to which he had been admitted. After spending four months in the program, Bogan was kicked out.[1] At a violation hearing, Bogan admitted that he violated the treatment condition by failing to successfully complete the program. The trial court decided not to revoke community control. Instead, the court changed the treatment condition to require Bogan to successfully complete any residential program, not specifically the one at West Central. The court added that if Bogan was not accepted or did not complete a program successfully, he would return to court. The revised sentencing entry included the condition (which was also in the

---

[1]It appears that Bogan was kicked out because he had drunk coffee (a rule violation) and lied about doing so. The trial court noted, though, that the periodic reports it had received said that Bogan was not a model participant:

* * * His 60-day report says that his criminal attitude and behavior patterns are unacceptable. He received a conduct report in the past 30 days for breaking the following cardinal rules: Bringing in any drug, alcohol, tobacco substances in an abuse-free environment from the cardinal contraband. He has received five sanctions; 24 stepping stones. He was working in the kitchen, but was removed due to the consequences he received from a conduct report. He was involved in taking another resident's medication when it was offered to him. At first Mr. Bogan lied about taking the medication. He was then honest during the hearing and informed staff of what occurred.

Periodic reports also indicate that he has difficulty in choosing proper peer associations. * * *

Although he's demonstrated necessary requirements to advance to Phase II, which is the primary treatment phase, he struggled with the following behaviors: Honesty, maturity, drug and criminal lifestyle, and peer interactions.

Even though he speaks about wanting to be drug-free his actions are showing that he would use anything and attempt to lie to cover it up.

It was decided that because he was a new resident and eventually admitted to ingesting the medication he was given a second chance in working on his addiction. So I think there is a pattern of difficulty with Mr. Bogan than just what I'll call the final lie.

(June 13, 2012 Hearing Tr. 8-10).

original sentencing entry) that if Bogan violated the treatment condition and community control was revoked, he would be sentenced to 11 months in prison. West Central would not accept Bogan back, so the following month, Bogan was again before the trial court. This time, the court revoked community control and sentenced Bogan to 11 months in prison.[2] The court noted that he had accumulated 218 days of jail-time credit.[3]

{¶ 2}    Bogan appealed.

{¶ 3}    The sole assignment of error alleges that the trial court could not revoke community control. The revised treatment condition provided that Bogan complete either West Central's residential program or another residential program. Bogan asserts that, at the violation hearing, the trial court took it upon itself to look for another program but never did.[4] Because the court failed to look, Bogan contends, it did not have the authority to revoke community control and sentence him to prison.

---

[2] The trial court said that, since West Central refused to accept Bogan back, "we have to decide what to do with the Defendant now." (Aug. 9, 2012 Hearing Tr. 3). At the hearing all the court really said about its decision was: "Court finds that Defendant is in need of residential treatment. In view of West Central's decision Court revokes supervision. Count Two, 11 months to the Ohio Department of Corrections is imposed." (*Id.* at 4). In the sentencing entry, the court added that it had considered alternatives to prison but found that, because of the nature of Bogan's offenses, no reasonable alternative existed. (We understand "offenses" here to refer to his conduct while in the West Central program, not the criminal offense for which he was sentenced.)

[3] The sentencing entry also states that Bogan had accumulated this many days.

[4] The trial court pertinently said: "Defendant is maintained on community control on the condition that we can find another residential program. We'll start with West Central. My question is whether they will accept you. If we don't find West Central, we'll look for another residential program. If we can't find one, we'll come back and decide what to do with your case. If we find one, that's where you'll go." (June 13, 2012 Hearing Tr. 10).

{¶ 4} While this appeal was pending, Bogan completed the 11-month prison sentence. The earliest he began to serve his time was on August 9, 2012, the date of the revocation and prison-sentencing hearing. This would mean that, subtracting the jail-time credit, Bogan completed the sentence on December 4, 2012.[5] In any event, Bogan completed his sentence by the end of 2012.[6]

{¶ 5} "'Any appeal of a sentence already served is moot.'" *Columbus v. Duff*, 10th Dist. Franklin No. 04AP-901, 2005-Ohio-2299, ¶ 12, quoting *State v. Wright*, 8th Dist. Cuyahoga No. 83781, 2004-Ohio-4077, ¶ 18. It is true that "an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), at the syllabus. But this rule "does not apply if appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction." *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 WL 1602656, *1 (Dec. 14, 2001); *e.g., Duff* at ¶ 12 (quoting *Beamon* for the same proposition).

---

[5]Bogan had accumulated 218 days of jail-time credit. The 11 months between August 9, 2012, and July 9, 2013, contain 335 days (including the end date). The days in the sentence (335) minus the credited days (218) equals actual prison time of 117 days. One hundred and seventeen days after August 9 is December 4.

[6]Bogan filed a motion to stay the sentence pending the outcome of the present appeal. According to the docket sheet in the record, the trial court overruled this motion. Also, based on the record in this case, we are unable to conclude that collateral consequences result from the prison sentence. Bogan did not raise the issue of collateral consequences and none are readily apparent. We note that, according to the Ohio Department of Rehabilitation and Correction's current-offender database, Bogan is not on post-release control. Ohio Department of Rehabilitation and Correction, Offender Search, http://www.drc.ohio.gov/OffenderSearch/Search.aspx (accessed May 2, 2013) ("This site only displays data on those offenders currently incarcerated in an Ohio prison or those offenders who are currently under Department supervision.").

{¶ 6} Bogan has already completed his sentence and challenges neither his breaking-and-entering conviction nor the merits of his community-control violation. Because only the sentence is challenged, this appeal is moot.[7] *Compare State v. Bartlett*, 8th Dist. Cuyahoga No. 96501, 2012-Ohio-103, ¶ 8 (concluding that the trial court erred in sentencing the defendant to prison for violating community control, yet dismissing the appeal as moot because the defendant had completed the imposed sentence and was not challenging his underlying conviction but only "questioning whether the sentence was correct").

{¶ 7} This appeal is dismissed sua sponte.

. . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

---

[7]Specifically, as courts have said, several critical aspects of the appeal are moot, including: (1) the question presented in the assignment of error, *compare* State v. Campbell, 166 Ohio App.3d 363, 2006-Ohio-2294, 850 N.E.2d 799, ¶ 8-10 (5th Dist.) (concluding that the question presented in the assignment of error was moot because the relief sought could not be granted, where the defendant alleged that the trial court abused its discretion by imposing consecutive sentences and asked the appellate court to reverse the sentence and remand for resentencing but had already served the prison sentence); (2) the assignment of error itself, *compare Duff* at ¶ 13, 15 (dismissing the appeal sua sponte because the assignment of error was moot); State v. Kincer, 12th Dist. Clermont No. CA2006-08-055, 2007-Ohio-3352, ¶ 29-30 (overruling as moot the assignment of error in which the defendant challenged only his prison sentence, not his conviction or community-control violation, saying that "[g]iven that appellant has already served the 12-month term, the relief being sought can no longer be granted"); and (3) the argument supporting the assignment of error, *compare* State v. Draper, 3d Dist. Putnam No. 12-10-07, 2011-Ohio-773, ¶ 9 (saying that the defendant's argument, that the trial court erred by imposing more than the minimum sentence, was "moot in light of the fact that he is no longer incarcerated"); State v. Ayers, 6th Dist. Erie No. E-07-072, 2009-Ohio-393, ¶ 21 (saying that because the defendant had completed his sentence "any arguments pertaining to that sentence are moot," where the defendant alleged that the trial court erred in sentencing him to nine years in prison rather than the three-year minimum sentence prescribed by the statute in effect at the time he was sentenced).

Copies mailed to:

Kevin S. Talebi
Mark M. Feinstein
Hon. Nick A. Selvaggio