[Cite as *State v. Johnson*, 2017-Ohio-9228.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| **STATE OF OHIO** | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2017-CA-30 |
| | : | |
| v. | : | T.C. NO. 2016-CR-503 |
| | : | |
| **BRIAN JOHNSON** | : | (Criminal Appeal from |
| | : |   Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 22nd day of December, 2017.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

ENRIQUE RIVERA-CEREZO, Atty. Reg. No. 0085053, 61 N. Dixie Drive, Suite B, Vandalia, Ohio 45377
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the March 23, 2017 Notice of Appeal of Brian Johnson. Johnson appeals from his February 21 Judgment Entry of Conviction,

following a guilty plea, on one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree. Johnson received a sentence of six months after his pre-sentence investigation revealed that Johnson possessed and used methamphetamine after he entered his guilty plea but prior to disposition, in violation of the conditions of his bond. We hereby affirm the judgment of the trial court.

{¶ 2} Johnson was indicted on October 17, 2016. He pled not guilty and bond was set on his own recognizance on October 21, 2016. The conditions of his bond required him to "comply with all criminal provisions of the Ohio Revised Code," and "submit to random drug screenings." On January 30, 2017, Johnson withdrew his plea of not guilty and entered his guilty plea. His pre-sentence investigation report, which is part of our record, provides that Johnson "failed a drug test at the Clark County Municipal Court Probation Department on February 6, 2017."

{¶ 3} At disposition, the court indicated as follows:

THE COURT: Specific conditions of the defendant's bond is that he comply with all criminal provisions of the Ohio Revised Code and that he submit to random drug screens. Implicit in that condition is that he refrain from the use of illegal drugs.

The defendant indicated that he used methamphetamine on February 6th, which is after he pled guilty to possession of drugs in this case and prior to his interview for the pre-sentence investigation. The Court does find that he violated the condition of his bond.

{¶ 4} Johnson's Judgment Entry of Conviction provides in part:

Upon review of the pre-sentence investigation report, the Court

found that it has the discretion, pursuant to Ohio Revised Code Section 2929.13(B)(1)(b)(iii), to impose a prison term upon the defendant because he violated conditions of his bond by failing to comply with a criminal provision of the Ohio Revised Code and using a controlled substance, to-wit: Possessing and using methamphetamine after he entered his guilty plea but prior to disposition.

The Court considered the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.

{¶ 5} Johnson asserts two assignments of error herein. His first assigned error is as follows:

THE TRIAL COURT VIOLATED M[R]. JOHNSON'S SUBSTANTVIE DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN IT IMPOSED MORE THAN THE MINIMUM SENTENCE.

A. The Trial Court improperly sentenced the Defendant to prison, for conviction on a charge which under R.C. 2929.13(B)(1) would be mandated community control.

B. The trial court improperly sentenced the Defendant to Prison without taking into consideration the factors under R.C. 2929.11 and R.C.

2929.12.

{¶ 6} Johnson asserts that his sentence should be modified. According to Johnson, the "PSI report does indicate that the Defendant was not charged, much less convicted of any criminal violations. * * * However, as mentioned previously, the Defendant did concede that he used illegal drugs during his bond." Johnson asserts that since his bond was not revoked immediately, prior to sentencing, we "can easily conclude that this is not a true bond revocation." Johnson asserts that "an implicit order for the Defendant not to use drugs without adequate tools and/or supervision could lead to potential deaths."

{¶ 7} Finally, Johnson asserts that the "Trial Court never mentioned on disposition R.C. 2929.11 and 2929.12. It merely mentioned 'I have received a report prepared by the probation department. I've reviewed the report.' "

{¶ 8} The State responds that since "the entirety of the sentence has been served, Defendant cannot be given any relief with respect to his sentence. Thus, this assignment of error is moot." The State further asserts that the trial court did properly consider R.C. 2929.11 and R.C. 2929.12.

{¶ 9} It is well settled that "[a] defendant's sentence is not contrary to law when the trial court expressly states in its sentencing entry that it had considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, but neglected to mention those statutes at the sentencing hearing. * * *." *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 10.

{¶ 10} As this Court has previously noted:

> " 'Any appeal of a sentence already served is moot.' " *Columbus v.*

*Duff,* 10th Dist. Franklin No. 04AP–901, 2005–Ohio–2299, ¶ 12, quoting *State v. Wright,* 8th Dist. Cuyahoga No. 83781, 2004–Ohio–4077, ¶ 18. It is true that "an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." *State v. Golston,* 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), at the syllabus. But this rule "does not apply if appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction." *State v. Beamon,* 11th Dist. Lake No. 2000–L–160, 2001 WL 1602656, * 1 (Dec. 14, 2001); *e.g.,* *Duff* at ¶ 12 (quoting *Beamon* for the same proposition).

*State v. Bogan*, 2d Dist. Champaign No. 2012-CA-34, 2013-Ohio-1920, ¶ 5.

**{¶ 11}** Johnson's judgment entry of conviction provides that the court considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, and Johnson's argument to the contrary lacks merit and is overruled. Most importantly, Johnson pled guilty and is only appealing the imposition of his six-month sentence and not his underlying conviction. He was sentenced on February 21, 2017, over nine months ago. Since Johnson's sentence has been served, his argument to modify his sentence is moot.

**{¶ 12}** Johnson's second assignment of error is as follows:

THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO FILE AN ILC[1] MOTION.

**{¶ 13}** Johnson asserts as follows:

This Court should conclude that Counsel was ineffective when she

---

[1] Intervention in lieu of conviction

failed to file an ILC motion for a defendant that appears at face value to have met all the criteria for ILC. This Court can arrive at the conclusion based on the Defendant's PSI report that there was a probability that the Defendant was statutorily eligible for ILC. This Court should conclude that this fact pattern is somewhat similar for a Defense Counsel to fail to file a Motion to Suppress when on face value there is a major suppressibility [sic] issue.

**{¶ 14}** As this Court has previously noted:

We evaluate ineffective-assistance-of-counsel arguments in light of the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that analysis, to reverse a conviction based on ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that the defendant was prejudiced by counsel's performance. *Id.* at 668, 104 S.Ct. 2052; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To succeed on such a claim, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the defendant's trial would have been different. *Id.*

A plea of guilty is a complete admission of guilt. *E.g., State v. Faulkner,* 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9. Consequently, a guilty plea waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the errors

precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *E.g., State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 81 (2d Dist.). * * *

*State v. Riddle*, 2d Dist. Miami No. 2016-CA-6, 2017-Ohio-1199, ¶ 25-26.

**{¶ 15}** "Only if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have insisted on going to trial will the judgment be reversed. * * *." *State v. Huddleson*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9.

**{¶ 16}** As this Court previously noted:

In *State v. Jones*, 6th Dist. Wood No. WD-12-053, 2013-Ohio-3562, the Sixth District Court of Appeals held that in order to establish that appellant's trial counsel was ineffective for failing to file a pre-plea request for ILC, the record must show that: "(1) the trial court would have accepted appellant's petition for [ILC] and subsequently found that appellant met all of the criteria set forth in R.C. 2951.041, and (2) the state would have agreed to appellant's guilty plea on those terms." *Id.* at ¶ 22.

*State v. Dohme*, 2d Dist. Clark No. 2016-CA-42, 2017-Ohio-561, ¶ 14.

**{¶ 17}** As the State asserts, Johnson does not assert that his plea was not knowing and voluntary, but rather only that he would have been a good candidate for ILC. Nor does he assert that he would have insisted on going to trial as opposed to pleading guilty had defense counsel sought ILC. The record reflects that at his plea hearing, Johnson indicated to the court that he wished to plead guilty, and that he entered his guilty plea voluntarily. Finally, even if Johnson claimed that the failure to file a motion for ILC

rendered his plea less than knowing and voluntary, it is merely speculative to conclude that the trial court would have granted the motion and that the State would have accepted his plea on those terms. Accordingly, we find that ineffective assistance of counsel is not demonstrated, and Johnson's second assignment of error is overruled.

{¶ 18} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

Copies mailed to:

Andrew P. Pickering
Enrique Rivera-Cerezo
Hon. Douglas M. Rastatter