[Cite as *State v. York*, 2018-Ohio-1134.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17-CA-20 |
| MORGAN RAE YORK | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Fairfield County Common
Pleas Court, Case No. 14CR135

JUDGMENT: Dismissed

DATE OF JUDGMENT ENTRY: March 23, 2018

APPEARANCES:

For Plaintiff-Appellee

FAIRFIELD COUNTY
PROSECUTOR'S OFFICE
239 W. Main Street #101
Lancaster, Ohio 43130

For Defendant-Appellant

JASON M. DONNELL
Law Offices of Jason M. Donnell, LLC.
118 S. Pearl Street
Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} Appellant Morgan Rae York appeals the judgment entered by the Fairfield County Common Pleas Court revoking her community control and ordering her to serve the remainder of her sentence of incarceration of ten months. Appellee is the state of Ohio.[1]

<u>STATEMENT OF THE CASE</u>[2]

{¶2} On August 1, 2014, Appellant was placed in Treatment in Lieu of Conviction for one count of theft of a credit card (R.C. 2913.71). She failed to report to her probation officer, and her treatment in lieu of conviction was revoked. She was placed on community control on February 9, 2015.

{¶3} On April 13, 2017, a probable cause entry was filed stating Appellant failed to report to community control, failed to notify the court of a change of address, and failed to comply with counseling orders.

{¶4} The case proceeded to a revocation hearing on April 19, 2017. The probation officer who testified at the hearing was permitted to testify over objection to violations included in Appellant's file which occurred prior to the probation officer taking over the case.

{¶5} By judgment filed April 19, 2017, the court found Appellant violated the terms of her community control. Appellant's community control was revoked and she was sentenced to ten months incarceration, which was the remainder of her sentence. She

---

[1] Appellee has not filed a brief in the instant appeal. Pursuant to App. R. 18(C), we may accept Appellant's statement of the facts and issues as correct and reverse the judgment if Appellant's brief reasonably appears to sustain such action.

[2] A rendition of the facts is unnecessary for our disposition of this appeal.

was given 179 days jail time credit. From this entry Appellant prosecutes this appeal, assigning as error:

I. THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY ADMITTING INTO EVIDENCE RECORDS AND ENTRIES WHICH WERE NOT AUTHENTICATED BY THE PROBATION OFFICER WHO DRAFTED AND FILED SAID RECORDS.

II. THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY RELYING ON EVIDENCE BY A PROBATION OFFICER NOT ASSIGNED TO APPELLANT'S CASE WITHOUT A FINDING OF GOOD CAUSE WHY THE PROBATION OFFICER ASSIGNED TO THE CASE COULD NOT APPEAR.

**{¶6}** At the oral argument in this matter, Appellant's counsel informed this court Appellant has completed her sentence. The record further demonstrates Appellant completed the sentence imposed by the Fairfield County Common Pleas Court on August 20, 2017. Appellant was not placed under postrelease control by the parole board. Thus, the issue for initial determination is whether Appellant's appeal in this matter is moot.

**{¶7}** An appeal challenging a conviction is not moot even if the entire sentence has been served before the appeal is heard, because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d

109, paragraph one of the syllabus (1994). "However, this logic does not apply if appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction. If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction." *State v. Campbell*, 5th Dist. Licking No. 2005CA00091, 166 Ohio App.3d 363, 2006-Ohio-2294, 850 N.E.2d 799, ¶ 8, *quoting State v. Beamon*, 11th Dist. Lake App. No. 2000–L–160, 2001 WL 1602656 (Dec. 14, 2001).

{¶8} The appeal in this case is from the imposition of the remainder of a term of incarceration upon revocation of community control. Appellant does not challenge the underlying conviction. Because the appeal is solely on the issue of sentence, we find the appeal is now moot because Appellant has served her sentence in its entirety.

{¶9} The appeal is dismissed.


By: Hoffman, J.

Wise, John, P.J. and

Wise, Earle, J. concur