[Cite as *State v. Akusoba*, 2018-Ohio-1900.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17CAA060045 |
| FRANCIS E. AKUSOBA | |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Delaware County Court of Common Pleas, Case No. 17 CR I 01 0011

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      May 10, 2018

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CAROL HAMILTON O'BRIEN
Delaware County Prosecuting Attorney
KIMBERLY BURROUGHS
Assistant Prosecuting Attorney
140 N. Sandusky St., 3rd Floor
Delaware, Ohio 43015

DAVID H. BIRCH
286 South Liberty Street
Powell, Ohio 43065

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Francis E. Akusoba appeals his sentence entered by the Delaware County Court of Common Pleas, on one count of receiving stolen property and two counts of theft, after the trial court accepted his guilty pleas. Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

**{¶2}** On January 13, 2017, the Delaware County Grand Jury indicted Appellant on three counts of identity fraud, in violation of R.C. 2913.49(B)(2), felonies of the fifth degree; one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree; and two counts of theft, in violation of R.C. 2913.02(A)(1), misdemeanors of the first degree.  Appellant appeared for arraignment on March 3, 2017, and entered a plea of not guilty to the Indictment.

**{¶3}** Following negotiations with the state, Appellant withdrew his former pleas of not guilty and entered pleas of guilty to one count of receiving stolen property and two counts of theft.  At the sentencing hearing on May 26, 2017, the trial court merged the two misdemeanor counts with the felony count pursuant to R.C. 2941.25, and sentenced Appellant to four years of community control and 90 days in the Delaware County Jail. The trial court ordered the jail sentence be served consecutively to a jail sentence imposed in Delaware County Court of Common Pleas Case No. 15 CR I 12 0585. The trial court memorialized the sentence via Judgment Entry of Sentence of Community Control filed May 31, 2017.

---

[1] A Statement of the Facts is not necessary for our disposition of this Appeal.

{¶4}　In Case No. 15 CR I 12 0585, Appellant was convicted of two counts of theft, felonies of the fifth degree; and two counts of misuse of credit cards, misdemeanors of the first degree, and sentenced to two years of community control and 15 days in the Delaware County jail.　On May 15, 2017, the trial court found Appellant to be in violation of the terms of his community control in Case No. 15 CR I 12 0585, and suspended the community control sanctions.　The trial court subsequently reinstated the community control sanctions, but extended the term of those sanctions, and imposed a 60 day jail sentence.

{¶5}　Between the sentence in the instant matter and the sentence in Case No. 15 CR I 0585, Appellant was ordered to serve 150 days in the Delaware County jail. Appellant completed the jail sentences and was released on October 6, 2017.

{¶6}　It is from the May 31, 2017 Judgment Entry Appellant appeals, raising as his sole assignment of error:

I.THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO A CONSECUTIVE TERM IN CONTRAVENTION OF THE SENTENCING STATUTES.

{¶7}　Because Appellant has completed the sentence imposed by the Delaware County Common Pleas Court, we must first determine whether Appellant's appeal in this matter is moot.

{¶8}   An appeal challenging a conviction is not moot even if the entire sentence has been served before the appeal is heard, because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." *State v. Golston,* 71 Ohio St .3d 224, 1994–Ohio–109, 643 N.E.2d 109, paragraph one of the syllabus. "However, this logic does not apply if Appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction. If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction." *State v. Campbell,* 166 Ohio App.3d 363, 2006–Ohio–2294, 850 N.E.2d 799, paragraph eight, citing *State v. Beamon,* 11th Dist. Lake No.2000–L–160, 2001–Ohio–8712.

{¶9}   Appellant has already served his sentence.  In this appeal, he is only challenging his sentence, not the underlying conviction. While Appellant requests the case be remanded for imposition of a concurrent sentence, an appeal in his favor would grant him no relief as he has already been released from incarceration on the charges. *See,* for example, *State v. Howell,* 5th Dist. Stark No.2001 CA00346, 2002–Ohio–3947; *State v. Rivard,* 5th Dist. Ashland No. 13–COA–007, 2013–Ohio–4178.  Accordingly, we find Appellant's appeal to be moot.

{¶10} Appellant's sole assignment of error is overruled.


By: Hoffman, P.J.

Baldwin, J.  and

Wise, Earle, J. concur