[Cite as *State v. Reedy*, 2020-Ohio-902.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| REBEKKAH REEDY | : | Case No. CT2019-0065 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. CR2018-0087


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        March 9, 2020


APPEARANCES:

For Plaintiff-Appellee

TAYLOR P. BENNINGTON
27 North Fifth Street
P.O. Box 189
Zanesville, OH 43701

For Defendant-Appellant

JAMES A. ANZELMO
446 Howland Drive
Gahanna, OH 43230

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Rebekkah Reedy appeals the trial court's July 10, 2019 judgment entry denying her motion to correct her sentence. Plaintiff-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On March 23, 2018, Reedy pled guilty to one count of possession of methamphetamine, a felony of the fifth degree, one count of possession of a drug abuse instrument, a misdemeanor of the second degree, and one count of possession of drug paraphernalia, a misdemeanor of the fourth degree. She was sentenced to three years community control and ordered to enter the Fayette-Pickaway Residential Program.

{¶ 3}   Reedy was unsuccessfully terminated from the Fayette-Pickaway Residential Program and subsequently returned to court on a probation violation. On October 22, 2018, Reedy pled guilty to violating her community control. The trial court found Reedy was no longer amenable to community control, revoked the same and imposed a previously suspended aggregate prison sentence of 11 months. Reedy was credited 48 days of jail-time credit.

{¶ 4}   On July 5, 2019, Reedy filed a motion to correct her sentence. The trial court denied the motion on July 10, 2019.

{¶ 5}   Reedy was released from prison on July 26, 2019.

{¶ 6}   On August 9, 2019, Reedy filed this appeal and the matter is now before this court for consideration. She raises one assignment of error:

I

{¶ 7}   "THE TRIAL COURT ERRED BY DENYING REEDY'S MOTION TO CORRECT HER SENTENCE."

{¶ 8}   In her sole assignment of error, Reedy argues the trial court erred in denying her motion to correct her sentence because her community control violation was technical in nature. Reedy therefore argues the trial court's sentence for the violation was limited to 90 days pursuant to R.C. 2929.15. Because Reedy has completed her sentence, we disagree.

{¶ 9}   As we recently found in in *State v. York*, 5th Dist. Fairfield No. 17-CA-20, 2018-Ohio-1134 at ¶ 7:

> An appeal challenging a conviction is not moot even if the entire sentence has been served before the appeal is heard, because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109, paragraph one of the syllabus (1994). "However, this logic does not apply if appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction. If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction." *State v. Campbell*, 5th Dist. Licking No. 2005CA00091, 166 Ohio App.3d 363, 2006-Ohio-2294, 850 N.E.2d 799, ¶ 8, quoting

*State v. Beamon*, 11th Dist. Lake App. No. 2000-L-160, 2001 WL
1602656 (Dec. 14, 2001).

{¶ 10} Reedy has completed her sentence. She does not challenge her underlying conviction, but rather only the length of her completed sentence. That being the case, we find Reedy's appeal is moot.

{¶ 11} The appeal is dismissed.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/rw